# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

SEAN MULLIGAN,
　　　　　Appellant,

　　　　v.

DEPARTMENT OF HOMELAND
　SECURITY,
　　　　　Agency.

DOCKET NUMBER
SF-0752-16-0093-I-2

DATE: July 19, 2023

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Sean Mulligan, Federal Way, Washington, pro se.

Lawrence J. Lucarelli, Seattle, Washington, for the agency.

## BEFORE

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member

## FINAL ORDER

¶1　　　The appellant has filed a petition for review of the initial decision, which affirmed his removal from Federal service. For the reasons set forth below, the

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. See 5 C.F.R. § 1201.117(c).

appellant's petition for review is DISMISSED as untimely filed without good cause shown. 5 C.F.R. § 1201.114(e), (g).

## BACKGROUND

¶2     On October 7, 2015, the appellant was removed for misconduct, and he filed this appeal on November 3, 2015. *Mulligan v. Department of Homeland Security*, MSPB Docket No. SF-0752-16-0093-I-1, Initial Appeal File, Tab 1. On April 4, 2017, the administrative judge issued an initial decision affirming the appellant's removal. *Mulligan v. Department of Homeland Security*, MSPB Docket No. SF-0752-16-0093-I-2, Refiled Appeal File (RAF), Tab 59, Initial Decision (ID). The initial decision stated that it would become final on May 9, 2017, unless a petition for review was filed by that date. ID at 45.

¶3     On May 9, 2017, the Board received a request for an extension of time for the appellant to file a petition for review. *Mulligan v. Department of Homeland Security*, MSPB Docket No. SF-0752-16-0093-I-2, Petition for Review (PFR) File, Tab 1. The request was filed by the appellant's representative below, who noted that her office no longer represented the appellant but was assisting him with obtaining an extension. *Id*. at 3. The representative requested an additional 60 days, or until July 8, 2017, for the appellant to file his petition. *Id*.

¶4     On May 10, 2017, the Office of the Clerk of the Board granted the request in part and informed the appellant that he may file a petition for review on or before June 8, 2017. PFR File, Tab 2 at 1. The Clerk's Office informed the appellant that if he did not file a petition by June 8, 2017, the initial decision would remain the Board's final decision. *Id*.

¶5     On June 9, 2017, the appellant filed his petition for review. PFR File, Tab 3. His petition contained argument and evidence regarding why the initial decision should be reversed but no explanation for the apparent untimeliness of his petition. *Id*.

¶6    On June 15, 2017, the Clerk's Office acknowledged June 9, 2017, as the filing date of the appellant's petition for review and informed the appellant that his petition for review appeared untimely.  PFR File, Tab 4 at 1.  The Clerk's Office set a deadline of June 30, 2017, for him to file a motion to either accept the filing as timely or waive the time limit for good cause.  *Id*. at 1-2.

¶7    To date, the appellant has filed no such motion with the Board.  The agency has filed a response to the petition for review, arguing, among other things, that it should be dismissed as untimely filed.  PFR File, Tab 5 at 4-5.

## DISCUSSION OF ARGUMENTS ON REVIEW

¶8    A petition for review generally must be filed within 35 days after the date of the issuance of the initial decision or, if the party filing the petition shows that the initial decision was received more than 5 days after it was issued, within 30 days after the party received the initial decision.  5 C.F.R. § 1201.114(e).  The Board, however, may grant an extension of the time limit upon a showing of good cause.  5 C.F.R. § 1201.114(f).

¶9    Here, the Clerk's Office granted the appellant an extension of time beyond the deadline set forth in section 1201.114(e), until June 8, 2017, to file his petition for review.  The appellant did not file his petition until June 9, 2017.  It was therefore 1 day late.

¶10    The Board will excuse the untimely filing of a petition for review only upon a showing of good cause for the delay.  *Via v. Office of Personnel Management*, 114 M.S.P.R. 632, ¶ 5 (2010); 5 C.F.R. § 1201.114(g).  To determine whether an appellant has shown good cause, the Board will consider the length of the delay, the reasonableness of his excuse and his showing of due diligence, whether he is proceeding pro se, and whether he has presented evidence of the existence of circumstances beyond his control that affected his ability to comply with the time limits or of unavoidable casualty or misfortune that similarly shows a causal relationship to his inability to timely file his petition for review.  *Moorman v.*

*Department of the Army*, 68 M.S.P.R. 60, 62-63 (1995), *aff'd*, 79 F.3d 1167 (Fed. Cir. 1996) (Table). Upon applying these factors, we find that the appellant has not shown good cause for his filing delay.

¶11        In the request for an extension, the appellant's former representative stated that the appellant's mother-in-law had been ill and passed away on April 30, 2017. PFR File, Tab 1 at 3. She asserted that, due to this hardship, as well as the length of the appeal file and initial decision, he was requesting an extension of time to file his petition through July 8, 2017. *Id.* As previously noted, the Clerk's Office granted the appellant an extension, until June 8, 2017, to file his petition for review. PFR File, Tab 2; *see King v. Maritime Administration*, 18 M.S.P.R. 409, 410 n.2 (1983) (finding that an appellant failed to establish good cause for an additional extension of time, beyond the 1-month extension previously granted, to file her complete petition for review).

¶12        In his petition for review, the appellant failed to acknowledge that his petition was untimely filed or otherwise offer any excuse for why it might have been untimely filed. PFR File, Tab 3. Nor did he respond to the notice from the Clerk's Office providing him an additional opportunity to explain the untimeliness of his petition. PFR File, Tab 4. These circumstances indicate that he has failed to act with due diligence, even though the length of the delay was relatively short and he is proceeding pro se. *See Smith v. Department of the Army*, 105 M.S.P.R. 433, ¶ 6 (2007); *Pangelinan v. Department of Homeland Security*, 104 M.S.P.R. 108, ¶ 9 (2006); *see also Minor v. Department of the Air Force*, 109 M.S.P.R. 692, ¶¶ 5, 7 (2008) (finding that the appellant's statement that he was busy due to his wife's and mother-in-law's significant health problems, without a specific showing of how such difficulties affected his ability to timely file a petition for review or request an extension, failed to constitute good cause for his untimely filing).

¶13   Accordingly, we dismiss the petition for review as untimely filed with no good cause shown.  This is the final decision of the Merit Systems Protection Board regarding the timeliness of the petition for review.  The initial decision remains the final decision of the Board regarding the removal appeal.

## NOTICE OF APPEAL RIGHTS[2]

You may obtain review of this final decision.  5 U.S.C. § 7703(a)(1).  By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file.  5 U.S.C. § 7703(b).  Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction.  If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements.  Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case.  If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**.  As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court

---

[2] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions.  As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

within **60 calendar days** of the date of issuance of this decision.  5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**.  This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision.  5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017).  If you have a representative in this case,

and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) <u>Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012</u>**. This option applies to you <u>only</u> if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[3]  The court of appeals must <u>receive</u> your petition for review within **60 days** of the <u>date of issuance</u> of this decision.  5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

---

[3] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:                              /s/ for

                                         Jennifer Everling
                                         Acting Clerk of the Board
Washington, D.C.